UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| "Baby L.," a minor, et al.,<br><br>      *Plaintiffs*,<br><br>v.<br><br>Dr. MARK ESPER, in his official capacity as<br>     Secretary for the U.S. Department of Defense<br>    et al.,<br><br>      *Defendants*. | Civil Action No. 3:20-cv-9<br><br>**FILED UNDER SEAL** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO
PROCEED USING PSEUDONYMS AND MOTION TO SEAL**

**INTRODUCTION**

Pursuant to the Court's Order of March 4, 2020 [Dkt. 9], Defendants respectfully submit this response to Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and Motion to Seal ("Motion to Seal") [Dkt. 1, 2]. Plaintiffs seek to proceed in this case using pseudonyms to identify both an ▮▮▮ child, whom they call "Baby L," and a married couple ("Doe 1" and "Doe 2"), one of whom is ▮▮▮▮▮▮▮▮▮▮▮, who are ▮▮▮ residents and seek to object to Defendants' return of the child, after she received medical treatment at a hospital in ▮▮▮▮▮▮▮▮▮▮▮▮, to the Government of ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ so that she could be reunited with her ▮▮▮ relatives.[1] Plaintiffs also seek to keep all proceedings in this case under seal.

---

[1] When Plaintiffs initially filed suit, the child's transfer had not yet occurred. Following this Court's denial of Plaintiffs' request for a temporary restraining order [Dkt. #7], the child was transferred for reunification with her next of kin on February 27, 2020. *See* Def.

Defendants do not object to Plaintiffs' use of pseudonyms at this time. Regarding the material that has been filed on the docket thus far and is currently under seal pending this Court's ruling on Plaintiffs' motion, Defendants have identified some material that should remain under seal and other material that need not remain sealed. Due to the volume of material that Plaintiffs have filed on the docket thus far, Defendants have been unable to complete their review of certain documents [Dkt. #s 4 (main), 4-12, 4-14, 4-16, 5, 6] that contain information regarding U.S. military operations. Defendants respectfully request that those documents remain under seal pending Defendants' further review, which they anticipate will be complete by March 23, 2020. Defendants respectfully propose that, on or before that date, they will submit a supplemental response, attaching, as relevant, redacted versions of the afore-listed documents for public filing. Defendants identify their position with respect to each document and attachment currently on the docket in a chart below.

## PROCEDURAL BACKGROUND

Plaintiffs filed this case, together with their Motion to Seal and their TRO request, on February 26, 2020. The Court denied Plaintiffs' TRO later the same day. On February 27, 2020, Defendants filed a Notice informing the Court and Plaintiffs that Baby L had been transferred to the Government of ███████████████████████. Also on February 27, 2020, the Court ordered Plaintiffs to file a public version of their Motion to Seal within twenty-four hours. On March 4, 2020, after Plaintiffs failed to file a public

---

Notice [Dkt. #9]. As of the date of this filing, Plaintiffs have not indicated whether they plan to proceed with this case. No summons has been issued, and Defendants have not yet been served in accord with Fed. R. Civ. P. 4(i). By responding to the Court's Order of March 4, 2020, Defendants do not intend to waive any defenses based on lack of service or lack of prosecution.

version of their Motion, the Court invited Defendants to file a response to the Motion within five days.

## ANALYSIS

**I.       Defendants Do Not Object To Plaintiffs' Use of Pseudonyms**

The Fourth Circuit allows the use of a pseudonym "in exceptional circumstances," where warranted by "compelling concerns relating to personal privacy or confidentiality." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Use of a pseudonym is an exception to the general requirement in Fed. R. Civ. P. 10(a) that "the identities of the parties to a case be disclosed." *Doe*, 749 F.3d at 273. The Fourth Circuit has identified nonexclusive factors to be considered "when determining whether a party should be permitted to litigate pseudonymously":

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993))

Plaintiffs argue that these factors weigh in favor of proceeding pseudonymously, largely relying on the notion that revealing Doe 1 and Doe 2's identities could subject them and their children to terrorist attacks. Pl. Br. at 4-5. Although the potential harms that Plaintiffs identify appear speculative, Defendants have a strong interest in protecting ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ from unnecessary exposure. Particularly where it is unclear whether Plaintiffs intend to proceed with this action, or whether the use of

3

pseudonyms would place any burden on Defendants going forward, Defendants do not object to Plaintiffs' use of pseudonyms at this time.[2]

**II. Plaintiffs' Motion to Seal Should Be Denied in Part, and Defendants Should Be Allowed an Additional Week to Review Plaintiffs' Filings**

The public is presumptively entitled to access judicial proceedings. *Doe*, 749 F.3d at 265-66. However, this presumption may be rebutted upon a showing that "countervailing interests heavily outweigh the public interests in access." *Id.* at 266 (internal quotation omitted).[3] Courts have allowed information in certain categories to be sealed, including information implicating national security and military operations, personal information of nonparties and minors, and sensitive medical information. *Swindell v. CACI NSS, Inc.,* No. 5:17-CV-00617-D, 2020 WL 698267, at *1 (E.D.N.C. Feb. 10, 2020) (granting motion to seal "sensitive medical, military personnel, and military operations information"); *Benchmark Elecs., Inc. v. Myers*, No. GJH-19-242, 2019 WL 6528587, at *8 (D. Md. Dec. 3, 2019) (identifying "risks to national security" and "protecting the privacy rights of trial participants such as victims or witnesses" as sufficient justification for a seal) (citing *Doe*, 749 F.3d at 269); *Gutierrez v. Horton*, No. 5:19-CV-00369, 2019 WL 4458820, at *1 n.2

---

[2] Defendants note that, with respect to "Baby L," the unredacted name used in the documents that Plaintiffs have filed is itself a pseudonym, and not the child's real name, because her real name was unknown before her relatives were identified.

[3] There is also a First Amendment right to access certain judicial material, which can be "restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* (internal quotation omitted). No party has identified a basis to apply the First Amendment right of access to the material at issue here. However, to the extent the First Amendment applies, compelling interests support sealing the information that Defendants have identified as appropriately sealed. In particular, information subject to the First Amendment right of access may be sealed due to risks to national security. *Doe*, 749 F.3d at 269 (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008)).

(S.D.W. Va. May 20, 2019) (sealing names and photographs of minor children), *report and recommendation adopted*, No. 5:19-CV-00369, 2019 WL 2881015 (S.D.W. Va. July 3, 2019); *Boone v. Bd. of Governors*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019) ("If the request is narrowly tailored, sensitive medical information may be sealed." (internal quotation omitted)). Entire documents should not be sealed if "less restrictive measures, such as filing a redacted version of the document, [are] available." *Benchmark Elecs., Inc.*, 2019 WL 6528587, at *8 (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011)).

Plaintiffs' filings to date consist of their Motion to Seal, together with their combined Complaint and TRO Petition and exhibits. Dkt. #s 1, 4 & 4-1 to 4-25, 5, 6. Plaintiffs have already redacted these filings, such that only their pseudonyms appear in the filings. Most identifying information of military personnel has also been redacted. These redactions in many instances are sufficient to protect any privacy interests of Plaintiffs. Two documents contain as-yet unredacted personally identifying information of U.S. military personnel, *see* Dkt. #s 4-6, 4-13, but with that information redacted, the documents need not be sealed in their entirety. *See* Exhibits A and B, attached hereto (versions of these documents suitable for public filing, with the relevant information redacted). In addition, some of the exhibits attached to the TRO Petition consist of publicly-available documents.

On the other hand, Plaintiffs have included in their filings two state court decisions that are under seal in state court. *See* Dkt. #s 4-3, 4-4. They also include a printout from a non-public U.S. Government Information System, which contains sensitive information based on bilateral arrangements between United States and foreign government officials.

*See* Dkt. # 4-24. Plaintiffs also include in their filings photographs of Baby L, as well as medical information relating to her. These materials should remain under seal.

Plaintiffs also have included in their filings some potentially-sensitive information regarding U.S. military operations. *See* Dkt. #s 4 (main), 4-12, 4-14, 4-16, 5, 6. Defendants are diligently attempting to evaluate whether any of this information can be unsealed consistent with national security concerns. However, since the Court issued its Order on March 4, 2020, Defendants have not completed their review of these documents. Defendants therefore respectfully request that these documents remain under seal pending their further review. Defendants anticipate that they will complete this review by March 23, 2020, and will then file a supplemental response addressing those documents. Should Plaintiffs include information pertaining to U.S. military operations in future filings, Defendants also request an opportunity to review those filings before they are placed on the public docket.

For the Court's convenience, Defendants summarize their position with respect to the documents on the docket thus far in the following chart:

| Dkt. # | Document description | Defendants' position |
|---|---|---|
| 1 | Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and to File and Proceed Under Seal | No basis to remain sealed |
| 4 | Plaintiffs' Verified Complaint and Petition for a Temporary Restraining Order | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires further review to determine whether any of the information can be publicly released. |

6

| | | |
|---|---|---|
| 4-1 (ex.A) | Photograph of Baby L | Remain under seal to protect privacy of minor child |
| 4-2 (ex.B) | ▓▓▓ photo ID card for Baby L (redacted) | Remain under seal to protect privacy of minor child |
| 4-3 (ex.C) | Order of Nov. 6, 2019 ▓▓▓ ▓▓▓ (redacted) | The unredacted version of this order is under seal in the ▓▓▓ state court. Defendants do not oppose the continued sealing of this document as long as it remains under seal in the underlying ▓▓▓ state proceeding. |
| 4-4 (ex.D) | Order of Nov. 8, 2019 (▓▓▓ ▓▓▓ (redacted) | The unredacted version of this order is under seal in the ▓▓▓ state court. Defendants do not oppose the continued sealing of this document as long as it remains under seal in the underlying ▓▓▓ state proceeding. |
| 4-5 (ex.E) | Certificate of Foreign Birth, Baby L (redacted) | No basis to remain sealed. As redacted, this document contains no personally identifying information. |
| 4-6 (ex.F) | Memo from ▓▓▓ re: ▓▓▓ (Nov. 13, 2019) (redacted) and ▓▓▓ | Redact additional identifying information of DoD personnel, as shown in Exhibit A, attached hereto. No basis to remain sealed once this additional information is redacted. |
| 4-7 (ex.G) | Memo from Doctor, U.S. Air Force, ▓▓▓ ▓▓▓ (Oct. 26, 2019) (redacted) | Remain under seal to protect privacy of minor child. |

| | | |
|---|---|---|
| 4-8 (ex.H) | Letter from Dr. ▮, International Adoption Clinic, ▮ (Feb. 14, 2020) (redacted) | No basis to remain sealed. As redacted, this document contains no personally identifying private information. |
| 4-9 (ex.I) | Letter from Dr. ▮, International Adoption Clinic, ▮ (Dec. 11, 2019) (redacted) | No basis to remain sealed. As redacted, this document contains no personally identifying private information. |
| 4-10 (ex.J) | Appointment Confirmation Letter, ▮ Health System (redacted) | No basis to remain sealed. This is a form letter that contains no personally identifying private information. |
| 4-11 (ex.K) | Photographs. | Photographs also found in Dkt. 4-16. See that entry. |
| 4-12 (ex.L) | Letter from Doe 1 & Doe 2, with enclosures consisting of: | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires further review to determine whether any of the information can be publicly released. |
| | Enclosure 1: photographs of Baby L, | Remain under seal to protect privacy of minor child. |
| | Enclosure 2 Single page from Dkt. #4-3 | See Dkt #4-3 entry above |
| | Enclosure 3: Certificate of Foreign Birth-Dkt 4-5 | See Dkt #4-5 entry above |
| | Enclosure 4: Application for ▮ / ▮ | No basis to remain sealed. As redacted, this document contains no personally identifying private information. |

8

|  | | |
|---|---|---|
|  | Enclosure 5: Letter from Department of Defense, Manpower Data Center (Dec. 14, 2019) | No basis to remain sealed. As redacted, this document contains no personally identifying information. |
|  | Enclosure 6: ▮ Coverage Screenshot | No basis to remain sealed. As redacted, this document contains no personally identifying private information. |
|  | Enclosure 7: photograph of Doe 1 & Doe 2, with children | Remain under seal to protect privacy of minor children. |
| 4-13 (ex.M) | Email chain between Doe 1 and ▮ U.S. servicemembers, re: Medevac from ▮ (redacted) | Redact additional identifying information of DoD personnel, as shown in Exhibit B, attached hereto. No basis to remain sealed once this additional information is redacted. |
| 4-14 (ex.N) | Email chain between Doe 1 and ▮ U.S. servicemembers, re: Request to Transfer ▮ to U.S. or Germany (redacted) | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires further review to determine whether any of the information can be publicly released. |
| 4-15 (ex.O) | Email chain between Doe 1 and unidentified White House and Trump Campaign staff, re: Baby L. intervention – Request to Medically Evacuate (redacted), with attached photograph of Baby L. | No basis to remain sealed, except for the photograph, which should remain under seal to protect privacy of minor child. |
| 4-16 (ex.P) | Memo, Headquarters, ▮ /U.S. Forces – ▮ , with photographs and a map | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires |

|  |  | further review to determine whether any of the information can be publicly released. |
|---|---|---|
| 4-17 (ex.Q) | CBS News article (online printout) | No basis to remain sealed. This is a publicly available article. |
| 4-18 (ex.R) | U.S. Dep't of Defense Instruction No. 6000.14 (Sept. 26, 2011), DoD Patient Bill of Rights and Responsibilities in the Military Health System | No basis to remain sealed. This is a publicly available article. |
| 4-19 (ex.S) | Long War Journal article (online printout) | No basis to remain sealed. This is a publicly available article. |
| 4-20 (ex.T) | Uighur Foreign Fighters, Policy Brief, International Centre for Counter-Terrorism – The Hague (Nov. 2017) | No basis to remain sealed. This is a publicly available document. |
| 4-21 (ex.U) | Long War Journal article (online printout) | No basis to remain sealed. This is a publicly available article. |
| 4-22 (ex.V) | International Committee of the Red Cross, Confidentiality Q&A | No basis to remain sealed. This is a publicly available document. |
| 4-23 (ex.W) | U.S. Dep't of State, Trafficking in Persons Report (June 2019), U.S. Dep't of Labor's 2018 Findings on the Worst Forms of Child Labor | No basis to remain sealed. These are publicly available documents. |
| 4-24 (ex.X) | FCG Pentagon, General Entry Requirements, ▓▓▓▓▓▓ (online printout), excerpt from DoD Foreign Clearance Guide | Remain under seal. This document is from a United States Government Information System that is provided for U.S/ Government-Authorized use only. As stated on the log-in warning page, this website "contains sensitive information based on bilateral arrangements between US and foreign government officials. The information contained |

10

| | | |
|---|---|---|
| | | within this website is NOT RELEASABLE OUTSIDE THE US GOVERNMENT unless approved by the Chief of the [DoD Foreign Clearance Program]. It provides guidance and clearance requirements for aircraft international mission planning and execution, USG and DoD-sponsored personnel official foreign travel and, when applicable, unofficial (leave) travel…." |
| 4-25 | Civil Cover Sheet | No basis to remain sealed. The form is not filled out. |
| 5 | Plaintiffs' Memo in Support of Motion for Leave to Proceed using Pseudonyms and to File and Proceed Under Seal | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires further review to determine whether any of the information can be publicly released. |
| 6 | Plaintiffs' Memo in Support of Motion for Temporary Restraining Order | Remain under seal pending further review by Defendants. This document contains information regarding U.S. military operations that requires further review to determine whether any of the information can be publicly released. |
| 6-1 | Plaintiffs' Proposed Temporary Restraining Order | No basis to remain sealed. |
| 9 | Order of Mar. 4, 2020 | No basis to remain sealed. |

| 10 | Defendants' Notice | No basis to remain sealed. |

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion in part and deny it in part. The Court should also allow Dkt. #s 4 (main), 4-12, 4-14, 4-16, 5, and 6 to remain under seal pending Defendants' further review and filing of a supplemental response on or before March 23, 2020.

March 9, 2020                                            Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on March 9, 2020, a true and accurate copy of the foregoing was submitted to the Court's ECF electronic mail account, copying counsel of record for plaintiffs, in order to be filed under seal in the above-captioned matter.

    /s/ Kathryn L. Wyer
KATHRYN L. WYER