**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| "Baby L.," a minor, et al., *Plaintiffs*, v. Dr. MARK ESPER, in his official capacity as Secretary for the U.S. Department of Defense et al., *Defendants*. | **Civil Action No. 3:20-cv-9** **FILED UNDER SEAL** |

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO PROCEED USING PSEUDONYMS AND MOTION TO SEAL**

**INTRODUCTION**

Pursuant to the Court's Orders of March 10 and 20, 2020 [Dkt. #s 12, 20], Defendants respectfully submit this supplemental response to Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and Motion to Seal ("Motion to Seal") in order to state Defendants' position, following further review, regarding Dkt. #s 4 (main), 4-12, 4-14, 4-16, 5, and 6, as well as the remaining filings not addressed in Defendants' previous response. With respect to the written filings currently under seal on the docket in this case, Defendants have conferred with Plaintiffs regarding the categories of material that should remain under seal, and the parties have reached agreement regarding those categories. The parties therefore respectfully propose that they will jointly submit proposed redacted versions of those filings that require redaction, consistent with the parties' agreement, on or before April 27, 2020.

Defendants also separately propose that the Court publicly issue a written order memorializing the Court's February 26, 2020 ruling on Plaintiffs' request for a temporary restraining order ("TRO").

## ANALYSIS

I. **Plaintiffs' Motion To Seal Should Be Granted With Respect to Dkt. # 4-16 and Granted in Part With Respect To Dkt. #s 4 (main), 4-12, 4-14, 5, and 6, and Written Filings To Date Should Be Redacted in Accord With the Parties' Agreement**

As discussed in Defendants' previous response, the presumption in favor of open judicial proceedings may be overcome by countervailing interests in protecting national security and military operations, personal information of nonparties and minors, and sensitive medical information. *See* Def. Response at 4-5 (citing cases). Having reviewed the filings at issue here, Defendants have concluded that Dkt. #4-16 (exhibit P to Pl. TRO Pet'n) should remain sealed in its entirety because it contains information regarding U.S. military operations, including satellite imagery and information about military maneuver tactics, which, if made public, could reveal military capabilities and harm the national security interests of the United States. Defendants previously identified Dkt. #4-24 (exhibit X to Pl. TRO Pet'n) as another document that should remain sealed in its entirety because it consists of sensitive information from a nonpublic government information system based on bilateral arrangements between U.S. and foreign government officials. Defendants also propose that information in other filings that derive from those two documents, or that otherwise would reveal sensitive details of U.S. military operations, should remain sealed. Plaintiffs do not object to these proposed redactions.

The parties have also conferred regarding other limited redactions. In light of the privacy interests expressed by Plaintiffs, as well as the privacy interests of the infant "Baby

L," the parties have agreed that, in addition to the information identified above, the following information should remain sealed:

- References to █████████████████████████████████████████, including references to the time zone difference between that country and this District and ████ "USE██"

- References to Doe 1's ███████████████████████████████████ ███████████████████████████████████

- References to Plaintiffs' home state, the ███████████████████ █████

- Details of "Baby L"'s medical condition

Although the parties have reached agreement on these categories, they have not yet been able to confer regarding the implementation of these redactions in all the filings to date. The parties have agreed, and respectfully propose, that they will submit proposed redacted filings, along with an updated table identifying the redactions in each filing, on or before April 27, 2020.[1]

## II. The Court Should Issue A Public Written Order Memorializing Its February 26, 2020 Decision Denying Plaintiffs' TRO Petition

Separate from the parties' agreement, Defendants also propose that the Court issue a public written order that would, consistent with the interest in public judicial proceedings, memorialize the Court's February 26, 2020 decision denying Plaintiffs' TRO petition. In light of the timing of Plaintiffs' petition, the Court conducted a sealed telephonic hearing the same day that the petition was filed and issued a sealed oral ruling shortly afterwards. Both the hearing and the oral ruling included information

---

[1] Undersigned counsel for Defendants will be on leave April 9-16, 2020.

that, the parties agree, should remain under seal. Thus, absent a written order, there would be no public memorialization of the Court's ruling. Defendants attach hereto a proposed memorialization of the Court's February 26, 2020 oral ruling that largely seeks to transcribe that ruling, while adding relevant background information and omitting any information in the categories identified above that would require redaction. Defendants propose that the Court issue the proposed memorialization of its order on the public docket in order to create a public record of proceedings.[2]

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' previous response, the Court should grant in part and deny in part Plaintiffs' Motion to Seal; allow the parties up to and including April 27, 2020, to submit proposed redacted filings consistent with the parties' agreement as set forth above; and publicly issue the attached proposed memorialization of the Court's February 26, 2020 denial of Plaintiffs' TRO petition.

April 6, 2020                                  Respectfully submitted,

                                               JOSEPH H. HUNT
                                               Assistant Attorney General
                                               ALEXANDER K. HAAS
                                               Director, Federal Programs Branch

                                               */s/ Kathryn L. Wyer*
                                               KATHRYN L. WYER
                                               Federal Programs Branch
                                               U.S. Department of Justice, Civil Division
                                               1100 L Street, N.W., Room 12014

---

[2] Counsel for Defendants has conferred with counsel for Plaintiffs regarding this request, and counsel for Plaintiffs indicates that Plaintiffs oppose this request for a TRO order in light of Plaintiffs' prior voluntary dismissal.

>Washington, DC 20005
>Tel. (202) 616-8475
>kathryn.wyer@usdoj.gov
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on April 6, 2020, a true and accurate copy of the foregoing was submitted to the Court's ECF electronic mail account, copying counsel of record for plaintiffs, in order to be filed under seal in the above-captioned matter.

>   /s/ Kathryn L. Wyer
>KATHRYN L. WYER

5