1   THE CLERK:  Everybody, if you-all dial in the same
2   number at 5 o'clock we'll be on the line.
3   MR. HAAS:  Thank you, Your Honor.
4   THE REPORTER:  Okay.
5   THE COURT:  Thank you.
6   (A recess was taken 4:25 p.m. to 5:08 p.m.)
7   THE CLERK:  Do we have everybody on the line from
8   the DOJ, US Attorney's Office?
9   MR. HAAS:  This is Alexander Haas from the
10  Department of Justice.
11  MS. WYER:  Kathryn Wyer from DOJ is here.
12  MR. BUBAR:  Dan Bubar from the US Attorney's Office.
13  MS. ROTTENBORN:  Laura Rottenborn, USAO.
14  THE COURT:  All right.  This is Judge Moon.  First I
15  want to thank counsel for your arguments today and for
16  appearing on very short notice.
17  This matter is before the Court on the plaintiffs'
18  motion for a temporary restraining order.  Plaintiffs are the
19  one seeking the emergency relief from the Court, and they have
20  to meet the standard articulated by the Supreme Court in
21  *Winter v. Natural Resources Defense Counsel* applicable to
22  motions for preliminary injunctions and TROs.
23  Plaintiffs must show, one, a likelihood of success
24  on the merits that plaintiffs are likely to suffer irreparable
25  harm absent the TRO, the balance of equity is tipped in

```
 1    favor -- plaintiffs' favor, and that issuing the TRO is in the
 2    public interest.
 3            I've considered plaintiffs' filings today and the
 4    argument of counsel.  Plaintiffs filed this action and their
 5    request for a TRO and dozens of exhibits at 1 o'clock today.
 6    The Court heard argument in the case from 3:30 to 4:30.  At 5
 7    o'clock -- or at 5:06 or 7 now, I think -- the Court is
 8    rendering this oral decision.
 9            Given the urgent time considerations plaintiffs have
10    described that Baby L would be put on the plane today from
11    ███████████████████ Eastern Standard Time tonight, after
12    consideration of the governing law, arguments, and
13    submissions, I will deny plaintiffs' request for a temporary
14    restraining order.  I do not find that plaintiffs have
15    established a likelihood of success on the merits, and, also,
16    I find that the balance of equities do not tip -- as I said,
17    do not tip in favor of the plaintiff, or that the TRO is
18    necessarily in the public interest.
19            Plaintiffs' asserted rights to care for Baby L arise
20    from two ██████ court orders from the Juvenile and Domestic
21    Relations Court of ██████ and the ██████ Circuit Court.
22    But as the government has articulated, these ██████ court
23    orders by their express terms reflect an assumption that the
24    government of ████████████████████████████ will issue a
25    waiver of jurisdiction.  The order from the ██████ Juvenile
```

```
 1    and Domestic Relations Court states, quote:  Evidence was
 2    provided that ▓▓▓ through the ▓▓▓▓▓▓▓▓▓▓▓▓▓ after
 3    after consultation with the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
 4    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ has indicated that it will
 5    issue a medical/responsibility/jurisdiction waiver to consent
 6    to the US acting in the best interest of the child as a
 7    refugee requesting asylum.  The written copy of the waiver is
 8    to be provided in a matter of days.
 9            ▓▓▓▓▓▓▓▓ has not issued any waiver of
10    jurisdiction.  Instead, as Counsel for the government has
11    asserted today, ▓▓▓▓▓▓▓▓ is expressly requesting that Baby
12    L be returned under ▓▓▓▓ authority and care.
13            The government has also asserted that as custodian
14    of Baby L Department of Defense should have been formally
15    served with and provided notice of the proceedings in ▓▓▓▓▓
16    County Circuit Court.  That was not done.
17            The ▓▓▓▓▓▓▓ orders were foundational to plaintiffs'
18    asserted authority to care for Baby L.  Given the plain terms
19    of the ▓▓▓▓▓▓ court orders and the lack of service and
20    notice upon DoD, I find that plaintiffs have not met their
21    burden of establishing a likelihood of success on the merits.
22            Plaintiffs' likelihood of success on the merits is
23    further diminished by their failure to proceed through proper
24    channels.  As the government articulated, plaintiffs' counsel
25    had two alternative avenues to pursuing this 11th hour TRO.
```

```
 1              First, they should have obtained the consent of the
 2   ████████ government to the transfer of Baby L.  While
 3   plaintiffs' counsel conceded both that it was required and
 4   they sought it, it ultimately was not obtained.
 5              Second, plaintiffs' counsel also submitted an
 6   application for a Visa for this child to enter the US, which,
 7   again, plaintiff conceded was not granted.
 8              Plaintiffs' failure to succeed under the two avenues
 9   demonstrate there's no legal basis to bring Baby L to the
10   United States.
11              Lastly, I cannot overlook the international
12   ramifications of the Court granting the request for temporary
13   restraining order.  The State Department has ably articulated
14   the US government's foreign policy interest and has argued
15   relations with ████████ are significantly implicated by
16   this case.
17              Plaintiffs' counsel suggested that if only the State
18   Department would, quote, get out of the way, end of quote,
19   everything would proceed in an orderly fashion and ████████
20   would respect human rights law.  But it is the role of the
21   State Department and not private litigants or the Court to
22   determine the foreign policy interest of the United States.
23              For these reasons, I deny plaintiffs' motion for a
24   TRO.
25              And that's the decision.  And anything else?
```

```
 1            MR. HAAS:  Nothing from United States, Your Honor.
 2   Thank you very much.
 3            (Interruption by court reporter.)
 4            MR. MAST:  Clarification is that it was a DoD
 5   initiated parole Visa.  We did not initiate the Visa.
 6            THE COURT:  Okay.  With that correction then, we'll
 7   adjourn.  Thank you all.
 8            COUNSEL:  Thank you, Your Honor.
 9            (The proceedings concluded at 5:15 p.m.)
10                            **CERTIFICATE**
11            I, Mary J. Butenschoen, certify that the foregoing
12   is a correct transcript from the record of proceedings in the
13   above-entitled matter.
14   /S/ Mary J. Butenschoen, RPR, CRR                    3/14/2020
15
16
17
18
19
20
21
22
23
24
25
```