CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

07/02/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| "BABY L," *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:20-cv-00009 |
| v. | ORDER |
| DR. MARK T. ESPER, *in his official capacity as Secretary of Defense*, *et al.*, | JUDGE NORMAN K. MOON |
| *Defendants*. | |

This matter is before the Court on the Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and to File and Proceed Under Seal. Dkt. 1.[1] Following the Court's rejection of the Plaintiffs' request for a temporary restraining order, the Court invited the Government to address "whether—and if so on what grounds—any of the filings submitted … should remain under seal." Dkt. 9. The Court also directed Plaintiffs to respond whether they intended to continue to prosecute this case—they did not. Dkts. 9, 14. The parties have since submitted numerous filings concerning which documents in the record should remain redacted or sealed.[2] *E.g.*, Dkts. 11, 13, 19, 21, 22, 24, 25, 27.

---

[1] The Court's citations are to original docket numbers, but will not, unless otherwise stated, include reference to material sought to be redacted from the original filings rather than the parties' proposed redacted versions. *See* Dkt. 25.

[2] The Court commends the parties for their substantial efforts to collaborate in this regard, which resulted in joint submissions on proposed redactions for case documents which significantly narrowed the issues requiring resolution.

1. Motion to Proceed Using Pseudonyms

The Court will first address Plaintiffs' request to use pseudonyms. *See* Dkts. 1, 5. The Government has not objected to Plaintiffs' use of pseudonyms. Dkt. 11 at 3–4. The Court finds that Plaintiffs have demonstrated that use of pseudonyms is warranted as this case concerned rights of a minor child and considering the health and safety concerns articulated by Plaintiffs' counsel in the event of disclosure. Dkt. 5 at 4–7. *See, e.g.*, *United States v. Doe*, ___ F.3d ___, 2020 WL 3263893, at *1 n.1 (4th Cir. June 17, 2020) (referring to defendant by pseudonym "to protect his identity and safety"); *Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (pseudonym used to protect minor plaintiff's privacy); *United States v. Doe*, 870 F.3d 991, 994 n.1 (9th Cir. 2017) (pseudonym used for safety). The Court will grant Plaintiffs' Motion to the extent they seek leave to proceed using pseudonyms. Dkt. 1.

2. Motion to Seal

Turning to Plaintiffs' Motion to Seal (also in Dkt. 1), on April 27, 2020, the parties filed a joint submission requesting certain documents remain under seal; others, proposing redactions; and on still others, the parties agreed the filings could be public. Dkt. 25. This was supplemented by another joint submission to the Court on May 11, 2020, addressing proposed redactions to the hearing transcript. Dkt. 27. The Court has considered each document, the parties' proposed justification for redaction or sealing, and whether less restrictive alternatives would suffice. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).

A. *Exhibits Q, R, S, T, U, and V to Docket Number 4; Docket Number 4-25*

The parties agree that the following filings can be made public in their entirety, writing: "**Publish unredacted versions:** ECF No. 4 exhibits Q, R, S, T, U, V." as well as Dkt. 4-25, the case cover sheet. *See* Dkt. 25 at 2; *id.* at 1 (describing the terms of the parties' "joint submission");

Dkt. 25-20 (proposed order) at 1. Exhibits Q, R, S, T, U, and V to Docket Number 4 are publicly available articles and documents, and the parties agree that there is "[n]o basis" for them to remain sealed. Dkt.  25 at 7–8. Same, with respect to the civil cover sheet. *Id.* at 9. The Court has reviewed those filings and agrees that, given their public nature, there is no basis for their continued sealing. The Court will therefore direct the Clerk of Court to unseal Exhibits Q, R, S, T, U, and V to Docket Number 4, as well as Docket Number 4-25.

B.  *Docket Number 22*

The Government has further submitted a proposed memorialization of the Court's on-the-record oral ruling denying Plaintiffs' motion for a TRO. Dkt. 22. The parties agree that the filing can be unsealed. *See* Dkt. 25 at 2, 11 (writing that there is "no basis" for it to remain sealed); Dkt. 25-20 (proposed order, requesting unsealing of Dkt.22). The Court agrees. There is no information therein requiring its continued sealing, and the Court will therefore direct the Clerk of Court to unseal Docket Number 22.

C.  *Docket Number 25*

The parties further agree that their Joint Submission on Proposed Redactions itself can be made public. *See* Dkt. 25 at 11 (writing that there is "no basis" for "this filing" to remain sealed); *see also* Dkt. 25-20 (proposed order, requesting unsealing joint submission). The Court agrees that nothing in Docket Number 25 itself warrants continued sealing, and the Court will therefore direct the Clerk of Court to unseal Docket Number 25, as well as the proposed order attached thereto. Dkt. 25-20. Regarding the other attachments to Docket Number 25, *i.e.*, proposed redacted versions of certain underlying case documents, those will be addressed separately. *See* Dkt.25-1 to Dkt. 25-19.

D. *Docket Number 1*

The parties have proposed filing a redacted version of Docket Number 1, which includes a redaction of one of the defendant's positions in the caption. *See* Dkt. 25 at 2. As that information is already on the docket and publicly available, the Court will deny the request, and Plaintiffs shall file an unredacted version of Docket Number 1 along with other documents requested below within **seven (7) days** of this Order.

E. *Exhibits A, B, G, and L (enclosures 1 and 6) to Docket Number 4*

The Court concludes the continued sealing of several documents has been shown to be warranted on account of the compelling interest in protecting the privacy of a minor. *See, e.g.*, *Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-cv-613, 2014 WL 5018707 at *3 (E.D.N.C. Oct. 7, 2014) ("Courts have held that compelling governmental interests require the sealing of documents relating to minors in general and the sealing of sensitive medical information in particular."). The Court will therefore grant the parties' request that the following remain sealed in their entirety: Dkt. 4, Exhibit A (photograph), Exhibit B (ID card), Exhibit G (medical record), Exhibit L encls. 1 and 6 (photographs). *See* Dkt. 25 at 1, 3, 5; *Lindiment v. Jones*, No. 1:17-cv-501, 2017 WL 4119644, at *10 (M.D.N.C. Sept. 15, 2017) (maintaining under seal minor's photographs, medical records).

F. *Docket Number 4; Exhibits H and I to Docket Number 4; Docket Numbers 5 and 6*

Certain medical information of the minor remains visible in the proposed redacted versions of Docket Number 4, Exhibits H and I thereto, Docket Number 5, and Docket Number 6. Dkt. 25 & relevant attachments. The Court finds that making public those documents in their present form would not adequately protect the privacy interests of the minor child, specifically concerning her

4

precise injuries and treatment plan, which could also amount to potential identifying information about the minor, and would put her at risk of harm.

The Court will direct the parties to resubmit proposed redacted versions of the following within **seven (7) days** of this Order, which redacts to the extent necessary any such information regarding the minor child's injuries and treatment plan, and any potentially identifying information therein: Dkt. 4 (Verified Complaint and Petition for TRO) at, e.g., ¶¶ 32, 72, and other text describing minor's injuries and treatment plan); Dkt. 4, Exhibit H (letter from doctor), Exhibit I (letter from doctor); Dkt. 5 (Plaintiffs' Memorandum in Support of Motion for Leave to Proceed Using Pseudonyms) at 2 (describing injuries), at 6 (age); Dkt. 6 (Plaintiffs' Memo. in Support of TRO) at 2, 11, 16 (describing injuries). These cited portions of the briefs and filings are by way of example and not limitation. The parties agree that the "details of 'Baby L's' medical condition" should remain sealed. Dkt. 21 at 3. The Court encourages the parties to scrutinize the record to ensure that no other such references remain. The underlying documents as well as the parties' proposed redacted versions of these documents will remain under seal until further Order of Court, following resubmission of proposed redacted versions of such documents.[3]  Upon the parties' re-submission of the redacted versions of these documents under seal, the Court will promptly review them for public filing.

G.  *Exhibits E and L (enclosure 3) to Docket Number 4*

Based upon considerations of protecting privacy interests of the minor child and medical information, the Court will grant the parties' request for public filing of the redacted versions of

---

[3] Proposed versions of Docket Numbers 4, 5, and 6, and Dkt. 6-1 sought to redact one of the defendant's positions in the caption. As that is public information, these filings should be resubmitted without that proposed redaction.

the following documents, while maintaining the unredacted versions under seal: Dkt. 4, Exhibit E

(Certificate of Foreign Birth), Exhibit L encl. 3. *See* Dkt. 25 at 2, 3, 5.

> H.  *Exhibits C, D and L (enclosure 2) to Docket Number 4*

The Court finds that continued sealing of sealed state court records that were filed in this

Court is warranted, as the Court does not sit in review of decisions of state court judges: Dkt. 4,

Exhibit C (Nov. 6, 2019 state court order), Exhibit D (Nov. 8, 2019 state court order); Exhibit L

enclosure 2 (excerpt from Nov. 6, 2019 order). *See* Dkt. 25 at 3, 5.

> I.  *Exhibits F, J, L, M, N, O and W to Docket Number 4*

The parties have submitted proposed redacted versions of Docket Number 4, Exhibits F, J,

L, M, N, O and W. *See* Dkt. 25 at 4–8. Several filings include redactions based on several grounds

for maintaining information under seal, like Exhibit L, which includes photographs of the minor

child, information from a sealed state court record, and personal and private information about

Plaintiffs proposed for redaction. Dkt. 25 at 5–6; *see also supra* §§ 2(E), (G) and (H).

The Court finds that certain private, and other medical information, some of which is

potentially identifying information, about the minor child remains visible in the proposed redacted

version of Exhibit N. For example, the Court finds that information on page 1 and 2 of Exhibit N

relates to the minor child's appearance, and specific age and location when recovered, and further,

information contained on page 3 relates to medical information. The Court will direct the parties

to resubmit proposed redacted version of Exhibit N within **seven (7) days** of this Order, which

redacts to the extent necessary such information regarding the minor child medical information

and other potentially identifying information.

Regarding the other exhibits, based on the current record and the arguments, particularly

about the privacy interests of the minor child and Plaintiffs, and non-public identifying information

about certain DoD personnel, and other arguments presented by the parties in the Joint Submission and adopted herein, Dkt. 25 at 4–8, the Court finds that the proposed redactions to Exhibits F, J, L, M and O are warranted. The parties' treatment of Exhibit W, removing rather than redacting the pages with information sought to be kept under seal, was appropriate. The proposed redacted versions of those documents can be filed on the public docket.

J.   *Exhibits K, P and X to Docket Number 4*

The Court finds that continued sealing is warranted of certain other information that the Plaintiffs filed, including photographs, maps, and excerpts from a DoD memorandum and Foreign Clearance Guide, on account of their containing information regarding U.S. military operations and tactics, and other non-public and sensitive information which, if disclosed, would have the potential to harm U.S. national security interests: Dkt. 4, Exhibit K (photographs), Exhibit P (DoD memo with photographs and map); Exhibit X (Foreign Clearance Guide excerpt). *See, e.g.*, *Dhiab v. Trump*, 852 F.3d 1087, 1097 (D.C. Cir. 2017) (sealing to protect "safe and secure military operations"). *See* Dkt. 25 at 5, 7–9.

K.   *Docket Numbers 10, 11, 13, 14, 21*

The parties jointly assert that certain information included in Docket Numbers 10, 11, 13, 14 and 21 should be redacted, which information was identified by Plaintiffs as implicating their privacy interests. *See* Dkt. 25 at 10–11. Based on the current record and arguments presented, the Court concludes that the redactions proposed are largely appropriate with one exception noted to Docket Numbers 13 and 14.[4]

---

[4] Proposed versions of Docket Numbers 13 and 14 sought to redact one of the defendant's positions in the caption. As that is public information, these filings should be resubmitted without that proposed redaction.

L. *Docket Number 27*

The parties have also submitted on May 11, 2020, a Joint Submission Regarding Proposed Redactions for TRO Hearing Transcript and Court's February 26, 2020, Oral Ruling. *See* Dkt. 27. The parties submitted the filing under seal in consistent practice with prior submissions to the Court, but the parties do not argue that the May 11, 2020 Joint Submission itself should remain under seal, and, indeed, its contents are much the same as the parties' prior Joint Submission, for which the parties asserted there was no basis for its continued sealing. For the same reasons the Court has unsealed Docket Number 25, the Court will direct the Clerk of Court to unseal Docket Number 27 itself.

The Court will further direct the Clerk of Court to unseal Docket Number 27's attachments as well, which are: (1) an excerpt of the transcript of the TRO hearing held on February 26, 2020, in which the Court issued its oral ruling denying Plaintiffs' motion for a TRO, Dkt. 27-1; and (2) the transcript of the TRO hearing in its entirety, Dkt. 27-2. Both attachments have proposed redactions to the transcript which the parties have asserted should remain under seal for several reasons, including that information therein was derived from certain exhibits that the Court has sealed in their entirety (Dkt. 4, Exs. P and X) or would reveal details of U.S. military operations; described the medical condition of Baby L; or was identified by Plaintiffs as implicating their privacy interests. Dkt. 27 at 1.

The Court has reviewed the unsealed and the proposed redacted versions of both exhibits, and concludes that the information sought to be redacted is consistent with the information sealed above by Order of this Court, and, based on the current record and arguments presented, that such redactions are no more extensive than necessary to protect the interests noted by the parties and recognized by the Court herein.

3.   Request to Issue Proposed Memorialized Decision

The Government requested that the Court issue the proposed memorialization as a public, written order memorializing the Court's on-the-record oral ruling denying Plaintiffs' motion for a temporary restraining order. *See* Dkt. 21 at 3–4. The parties agree that the Court's on-the-record oral ruling included certain information that should remain under seal, but the Government sought the issuance of the written order for the public record of proceedings. *See id.* Defendant disagrees, arguing that the ruling should not issue on account of Plaintiffs' prior voluntary dismissal. *See id.* at n.2; Dkt. 24. The substance of the Court's oral ruling is reflected in the memorialization submitted by the Government in Docket Number 22, but the Court will let the transcript of the Court's oral ruling stand as the record thereof.

\*       \*       \*

For these reasons, the Court hereby **ORDERS** as follows:

1.   Plaintiffs' Motion for Leave to Proceed Using Pseudonyms (Dkt. 1) is **GRANTED in part** to the extent that Plaintiffs seek leave to proceed using pseudonyms;

2.   Plaintiffs' Motion to Seal (Dkt. 1) is **GRANTED in part** and **DENIED in part**, as set forth more specifically below;

3.   Exhibits A, B, C, D, G, K, P and X to Dkt. 4 (Dkt. 4-1, Dkt. 4-2, Dkt. 4-3, Dkt. 4-4, Dkt. 4-7, Dkt. 4-11, Dkt. 4-16 and Dkt. 4-24) shall remain **SEALED**;

4.   The parties are **DIRECTED** to, within **seven (7) days** of this Order, jointly re-submit the following filings *under seal* with altered redactions in accordance with this Order, and as set forth here:

   a.   Dkt. 1 (un-redact caption);

   b.   Dkt. 4 (redact minor's medical information and injuries; un-redact caption);

9

      c.   Dkt. 4 ex. H (redact minor's medical information and injuries, treatment plan);

      d.   Dkt. 4 ex. I (redact minor's medical information and injuries, treatment plan);

      e.   Dkt. 4 ex. N (redact minor's medical information and injuries, treatment plan; information on minor child's appearance; specific age; location of recovery);

      f.   Dkt. 5 (redact minor's medical information and injuries; un-redact caption);

      g.   Dkt. 6 (redact minor's medical information and injuries; un-redact caption);

      h.   Dkt. 13 (un-redact caption); and

      i.   Dkt. 14 (un-redact caption);

5.   The Clerk of Court is **DIRECTED** to unseal the parties' redacted versions of Exhibit E to Dkt. 4 (*found at* Dkt. 25-11), Exhibit F to Dkt. 4 (*found at* Dkt. 25-2), Exhibit J to Dkt. 4 (*found at* Dkt. 25-13), Exhibit L to Dkt. 4 (*found at* Dkt. 25-4), Exhibit M to Dkt. 4 (*found at* Dkt. 25-14), Exhibit O to Dkt. 4 (*found at* Dkt. 25-15), and Exhibit W to Dkt. 4 (*found at* Dkt. 25-6) (cover page only). The original, unredacted versions of these filings attached to Dkt. 4 shall remain **SEALED**.

6.   The Clerk of Court is **DIRECTED** to unseal the parties' redacted versions of Dkt. 10 (*found at* Dkt. 25-17), Dkt. 11 (*found at* Dkt. 25-8), and Dkt. 21 (*found at* Dkt. 25-19).

7.   The Clerk of Court is **DIRECTED** to unseal Exhibits Q, R, S, T, U and V to Dkt. 4 (*found at* Dkt. 4-17, Dkt. 4-18, Dkt. 4-19, Dkt. 4-20, Dkt. 4-21, and Dkt. 4-22).

8.   The Clerk of Court is **DIRECTED** to unseal Dkt. 4-25 (cover sheet), Dkt. 22, Dkt. 25 itself and Dkt. 25-20 (proposed order). Attachments to Dkt. 25 are separately addressed, Dkt. 25-1 to 25-19.

9.   The Clerk of Court is hereby **DIRECTED** to unseal Dkt. 27 and attachments thereto.

10. Any materials not expressly ordered to be unsealed shall remain **SEALED** until further

    Order of Court.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order all counsel of record.

**ENTERED** this <u>  2nd  </u> day of July, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

11