UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| "Baby L.," a minor, et al., *Plaintiffs*, v. Dr. MARK ESPER, in his official capacity as Secretary for the U.S. Department of Defense et al., *Defendants*. | CASE NO. 3:20-CV-9 |

ORDER MODIFYING PSEUDONYM & SEALING ORDERS

Defendants have filed a motion to modify the Court's pseudonym and sealing orders in this case. Dkt. 34. Defendants provided to the Court a memorandum in support of their motion, pending decision that it could be filed on the Court public docket, which they also provided to Plaintiffs. Plaintiffs submitted to the Court a ten-page "preliminary" response opposing Defendants' motion, including several attachments. Considering that the parties have availed themselves of the opportunity to submit their positions on the matter; and finding that the narrow subject of Defendants' motion sufficiently briefed and presented for resolution; and that oral argument would not further the decisional process, the Court will proceed to rule on Defendants' motion.[1] The motion is granted.

---

[1] For these reasons and the reasons that follow, the Court's decision need not await Plaintiffs so they may provide another filing in opposition to Defendants' motion, nor will the Court hold an evidentiary hearing on Defendants' motion as Plaintiffs had requested. Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

1

Following a lengthy and iterative process involving collaborative discussions between the parties, the Court entered orders unsealing numerous filings in this case (or filing public, redacted versions), while stating the grounds and findings that supported the continued sealing of particular filings and exhibits. Dkt. 28 ("Sealing Decision"); *see also* Dkts. 23, 30, 32 (further orders). Ultimately, there was little if any disagreement between the parties about what filings or subjects should remain sealed and filed only in redacted form. *See* Dkts. 27, 29 (parties' joint submissions of proposed redactions). Considering whether less restricted alternatives would suffice, this Court ordered use of pseudonyms and continued sealing of specific documents or portions of documents to, among other things, protect the privacy of a minor child (including documents that contained detailed sensitive medical information), and in view of the health and safety concerns had been shown in the event of disclosure. *See* Sealing Decision at 2–7.

Defendants' motion now pending before the Court—entitled "Defendants' Motion to Modify Pseudonym and Sealing Orders to Allow Sharing of Information with Other Courts; Request for Expedited Consideration"—is limited in scope and tailored in the nature of its request. Dkt. 34. Indeed, it does not ask for that the Court revisit its decision to seal any of the materials previously filed under seal. Rather, Defendants ask that this Court modify its prior sealing orders (inc. Dkts. 28, 30), so that Defendants may share and reference certain specified information in other judicial proceedings that involve the Baby L where Plaintiffs are parties. Defendants seek leave to share and reference the following information in those proceedings: Plaintiffs' identities; the fact that the same child was at issue; the name of the child's home country and the foreign government to which she was transferred; and the name of the state Plaintiffs resided in at the time of

this suit. *See* Defs' Brief at 10.² Defendants also request leave to seek and obtain certified copies of sealed records in this proceeding from the Clerk of Court; and that the United States be permitted to provide certified or uncertified records from this proceeding to the courts and parties in such other judicial proceedings, provided that the United States submits such information under seal in those other proceedings. *Id.* at 10–11.

Defendants have filed their motion pursuant to this District's Local Rule 9(b), which provides for the filing of "a motion to unseal a document previously sealed." W.D. Va. Gen. R. 9(b)(4). *See* Dkt. 34. In balancing the presumption of access to judicial records against reasons as would warrant sealing, courts have considered various factors in weighing a request to unseal, including: "(1) whether the subject matter is traditionally considered private; (2) the injury the resisting party would suffer if the privacy interest were not protected; (3) whether the person seeking unsealing has an improper purpose; (4) whether the public already has access to the information in the sealed documents; and (5) whether release would enhance the public's understanding of an important event." *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-66, 2020 WL 2616516, at *2 (W.D. Va. May 22, 2020) (citations omitted). The Court will address these factors in turn.

The subject of certain sealed records in this case would be traditionally considered private, as they include information about a minor, including private medical information, as well as private information that, if made public, the Court found could create a risk to safety. Sealing Decision at 2. Significantly, however, Defendants have not sought to make public any of this information. Rather, they have sought to share it under seal in

---

² Defendants' brief and Plaintiffs' opposition brief were submitted to the Court under temporary seal pending consideration of Defendants' motion and whether there are any portions of the memoranda that should be redacted.

3

other judicial proceedings, or in other proceedings that that are themselves under seal. Defs' Br. at 7–8. In addition, Defendants are only seeking to share such information in other proceedings where Plaintiffs have already been named as parties. *Id.* at 7. Thus, while the subject matter would traditionally be considered private, Defendants are only seeking to share it with privacy safeguards in other appropriate fora. The factor weighs in favor of Defendants' request.

Next, the Court considers any "injury the resisting party would suffer if the privacy interest were not protected." *RLI Ins. Co.*, 2020 WL 2616516, at *2. To reiterate, Defendants' request does not leave Plaintiffs' interests unprotected, as if the information were going to be unsealed. And, having considered Plaintiffs' ten-page opposition to Defendants' motion, it fails to argue, much less substantiate, any injury that Plaintiffs would suffer if the Court were to modify the sealing and pseudonym orders as requested by Defendants. Nor could Plaintiffs reasonably argue that their privacy interests would be harmed if Defendants were able to apprise other judicial proceedings involving Plaintiffs and Baby L, about this case in a more fulsome manner.

On the other side of the coin, Defendants have persuasively advanced their legitimate purposes underlying their request and explained how those interests would be prejudiced were this Court to not grant their request. *See* Defs' Br. at 8–9; *see also Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously" as one factor relevant to the determination). Indeed, Defendants' interest is substantiated by the fact that they have filed a Statement of Interest pursuant to 28 U.S.C. § 517 in one pending judicial proceeding, but assert that without the requested modification, they have not yet

4

been at liberty to share "full information about the history of this matter." *Id.* at 8–9. And Defendants further explained that, in their view, Plaintiffs have made representations in a pending judicial proceeding that mischaracterize the United States' decision to transfer Baby L and the proceedings in this case and assert that the requested modification to this Court's sealing orders is needed to address those purported mischaracterizations. *Id.* at 9. The Court finds Defendants' interest in its requested modification of the Court's sealing orders amply substantiated.

In response, Plaintiffs argue at length about the "actual posture" of other litigation involving them and concerning Baby L. *See* Pls' Resp. at 2–4. They also assert that they were forthright in those proceedings and did not make any misrepresentations, *e.g.*, *id.* at 2, and claim that Defendants or other parties were the ones to mischaracterize the posture of the other litigation, *id.* at 7. Strangely, Plaintiffs argue that abstention doctrines would warrant this court not "encroaching" on child custody matters at issue in state courts, *id.* at 4–5, but Plaintiffs' response appears to invite this Court to litigate substantive issues on the merits not presently before the Court in this case, or on this motion. At bottom, Plaintiffs' position only confirms the propriety of Defendants' request. That is a tailored measure which could be undertaken—consistent with the demands of privacy ordered in this case—to ensure other courts addressing related disputes involving these parties be apprised of the substance and posture of this litigation. Plaintiffs have no reasonable argument why Defendants have an improper purpose in requesting that limited relief. This factor also weighs heavily in Defendants' favor.

The remaining factors as articulated in *RLI Insurance* have lesser significance here, as Defendants' request is not a motion to unseal but a motion to modify the terms of

5

the Court's sealing orders so that they could share the information with other judicial proceedings. *See RLI Ins. Co.*, 2020 WL 2616516, at *2. But those factors and other significant interests also cut in favor of the Defendants' request. That is, aside from Defendants' and the United States' interest in ensuring greater transparency in such other judicial proceedings involving these Plaintiffs and Baby L, those other courts also have a significant interest in having a more fulsome understanding of any relevant procedural history and the posture and nature of this case.

In sum, all factors weigh heavily in Defendants' favor, and Plaintiffs have identified no valid reason why any aspect of this case should be shielded from the other pending judicial proceedings, even if the filings or representations were made there under seal. Accordingly, having reviewed Defendants' Motion to Modify Pseudonym and Sealing Orders to Allow Sharing of Information with Other Courts, and for good cause shown, the Court **GRANTS** Defendants' Motion. Dkt. 34.

It is hereby **ORDERED** that, notwithstanding other orders issued in this case, Defendants may share and reference Plaintiffs' identities and the fact that the same child was at issue, as well as the name of the child's home country and the foreign government to whom she was transferred, and the name of the state where Plaintiffs resided at the time of this suit, in other judicial proceedings involving the child where Plaintiffs are parties.

It is further **ORDERED** that Defendants may also seek and obtain certified copies of sealed records in this proceeding from the clerk of court; and the United States may provide certified or uncertified copies of sealed records in this proceeding to the court

and parties in other such judicial proceedings, provided that such information is submitted under seal.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

**ENTERED** this 15th day of September, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE