UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| "Baby L.," a minor, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Dr. MARK ESPER, in his official capacity as<br>    Secretary for the U.S. Department of Defense<br>    et al.,<br><br>    *Defendants*. | Civil Action No. 3:20-cv-9 |

**DEFENDANTS' MOTION TO SEAL**

Pursuant to W.D. Va. Gen. R. 9(b)(2), Defendants respectfully request that portions of the memorandum submitted by Plaintiffs on September 14, 2022, which they style as a "preliminary memorandum" in opposition to Defendants' Motion to Modify Pseudonym and Sealing Orders (ECF 34), filed on September 13, 2022, remain sealed. The presumption of access to judicial proceedings may be rebutted upon a showing that "countervailing interests heavily outweigh the public interests in access." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Counsel for Defendants conferred with counsel for Plaintiffs, and the parties agree that certain categories of information should remain sealed but have not reached agreement with regard to other categories.[1] Accordingly, Defendants request that information described below remain under seal:

---

[1] Counsel for the parties exchanged proposed redactions, but as of this filing, counsel for Defendants had not received a response to an e-mail sent to counsel for Plaintiffs over 24 hours earlier. Defendants convey herein their understanding of Plaintiffs' positions to the extent they were conveyed.

1.     The parties agree that certain U.S. government information that Plaintiffs referenced in their memorandum should remain under seal. Defendants request that this information remain under seal in perpetuity because it implicates national security and law enforcement-sensitive concerns. *Cf. Swindell v. CACI NSS, Inc.,* No. 5:17-CV-00617-D, 2020 WL 698267, at *1 (E.D.N.C. Feb. 10, 2020) (granting motion to seal "military operations information"); *Benchmark Elecs., Inc. v. Myers*, No. GJH-19-242, 2019 WL 6528587, at *8 (D. Md. Dec. 3, 2019) (identifying "risks to national security" as sufficient justification for a seal); *In re s 2703(d),* 787 F. Supp. 2d 430, 442 (E.D. Va. 2011) (recognizing law enforcement interests as justifying court seal).[2] Moreover, the public interest side of the scale is diminished here because this information had no bearing on any issue before the Court in regard to Defendants' Motion to Modify Pseudonym and Sealing Orders, which the Court recognized was "limited in scope and tailored in the nature of its request." Order of Sept. 15, 2022 [Doc. 35], at 2.

2.     Defendants also seek to redact information covered by the Court's prior sealing orders. As the Court noted in its recent Order, Defendants did not ask "that the Court revisit its decision to seal any of the materials previously filed under seal." Order of Sept. 15, 2022, at 2. In regard to those materials, the parties had agreed that specific categories of information, including information that would reveal Plaintiffs' identities; the name of the child's home country and the foreign country to which she was transferred; or the name of the state Plaintiffs resided in at the time of this suit; among other things. In conferring with Plaintiffs, Plaintiffs failed to identify any basis to conclude that the Court's

---

[2] By identifying certain U.S. government information contained in Plaintiffs' brief as properly requiring protection pursuant to a court seal, Defendants in no way suggest that Plaintiffs' statements regarding this information are accurate.

sealing orders no longer applied to this information but have not yet responded to Defendants' specific proposed redactions. In the proposed redactions that Defendants will separately submit to the Court, Defendants redacted all such information from Plaintiffs' filing.

3.      Defendants also request that the descriptions contained in Plaintiffs' filing of sealed proceedings in other cases remain under seal in perpetuity. The court in the case that Plaintiffs describe most extensively has made clear that its sealing order extends to any description of information derived from proceedings in the case, and Plaintiffs' descriptions plainly fall within this category. Moreover, the descriptions that Plaintiffs included in their brief were not relevant to any issue raised by Defendants' Motion, as this Court recognized. *See, e.g.,* Order of Sept. 15, 2022, at 5 ("Plaintiffs' response appears to invite this Court to litigate substantive matters on the merits not presently before the Court in this case, or on this motion.").

4.      Certain statements in Plaintiffs' filing also implicate the reputational and privacy interests of third parties and accordingly should remain under seal in perpetuity. Much of this information also falls within the categories identified above, particularly categories 1 and 3, so this concern provides an alternative basis for sealing this information. However, to the extent the Court reaches the issue, it should take into account that "the personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." *Stevens v. Cabarrus Cnty. Bd. of Educ.,* No. 1:20-CV-335-JEP, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022); *cf. United States v. Smith,* 776 F.2d 1104, 1115 (3d Cir.1985) (upholding trial court's protection of "the reputational and privacy interests of third parties"); *Brigham*

*Young Univ. v. Pfizer, Inc.,* 281 F.R.D. 507, 511–12 (D. Utah 2012) (recognizing court's obligation to balance "the private interests of innocent third-parties" in the sealing analysis). Here, third party reputational and privacy interests outweigh any public interest, particularly given the gratuitous nature of Plaintiffs' assertions regarding third parties, which had no bearing on Defendants' Motion or the Court's ruling. *Cf.* Order of Sept. 15, 2022, at 4 ("having considered Plaintiffs' ten-page opposition to Defendants' motion, it fails to argue, much less substantiate, any injury that Plaintiffs would suffer if the Court were to modify the sealing and pseudonym orders as requested by Defendants").

For the foregoing reasons, information in Plaintiffs' memorandum that falls in the above-listed categories should remain under seal. Defendants attach hereto a proposed order.

November 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*